CARTER, Judge.
Defendant, Wilbert Brown, was charged by bill of information with felony theft, in violation of LSA-R.S. 14:67. Defendant entered a plea of not guilty and waived his right to a jury trial. The trial court convicted defendant as charged and subsequently sentenced him to serve three years at hard labor, to be served consecutively to sentences imposed for two other offenses. He has appealed, urging as his only assignment of error that the trial court erred in admitting hearsay evidence.[1]
FACTS
Defendant was charged with the theft of a pair of removable roof panels from a car owned by Polk Chevrolet, a Baton Rouge car dealership. These “T-tops”, valued at $410.00 each, were stolen from a Chevrolet Corvette at approximately noon, in view of several employees of the company.
One of the employees, Ernest Glass, saw two black males in an older model gold Oldsmobile drive onto the dealership lot and observed one of the men remove the roof panels. Glass notified other employees of the theft in progress. A second employee, Earl Meyers, was able to obtain the license number of the vehicle, as well as descriptions of the car and the perpetrators. A third employee, Howard Sibley, obtained a close view of the driver of the vehicle. The information gathered by these men was promptly disclosed to investigating officers.
The license registration was traced to a woman named Sandra Martin, who lived with the defendant in an apartment about three miles from the dealership. Approximately twenty minutes after the initial police report, investigating officers contacted Ms. Martin at her home and at that time located the vehicle in the parking lot of the apartment complex in which she lived. Based upon information provided by Ms. Martin, a photographic lineup was compiled, which included a photograph of the defendant. This lineup was apparently shown only to Howard Sibley. Sibley immediately selected defendant’s photograph from the array, and defendant was arrested for felony theft.
ADMISSION OF HEARSAY EVIDENCE
The state called Larry Wright, a deputy with the East Baton Rouge Sheriff’s office, to testify about the police investigation. Deputy Wright related the results of the vehicle registration check and his contact with Sandra Martin. On redirect examination, the state asked him how he obtained the name of defendant to include in the photographic lineup. Defendant objected, arguing that the question called for a hearsay response. The trial court overruled the objection, and Wright testified that Sandra Martin provided information which led him to include defendant’s photograph. Defendant now claims the testimony attempted to prove the truth of an out-of-court statement by Sandra Martin that she furnished the name to Wright for the purpose of including his photograph in the lineup.
. Hearsay evidence is evidence of an un-sworn, out-of-court statement made by a *464 person other than the testifying witness which is introduced for the truth of its content. State v. Valentine, 464 So.2d 1091 (La.App. 1st Cir.), writ denied, 468 So.2d 572 (La.1985). Hearsay evidence is not admissible except under recognized exceptions. LSA-R.S. 15:434. However, if such a statement is offered for any other purpose, then the statement is not hearsay. State v. Valentine, supra.
Initially, we note the objection set forth by defendant is not a hearsay objection. Defendant’s allegation, that the testimony was elicited to prove that Sandra Martin furnished defendant’s name to Deputy Wright for the purpose of including defendant’s photograph in the lineup, is without merit. Wright was not attempting to introduce evidence of Martin’s motivation for making the statement, but his own reason for placing defendant’s photograph in the array.
In his conclusion, defendant states the question and answer were objectionable because the trier of fact could infer that Ms. Martin told Deputy Wright the identity of the driver of her automobile. In this context, defendant does raise a hearsay objection. However, the testimony to which he objects is not hearsay.
A witness is generally competent to testify that a statement was made to him so long as no attempt is made to vouch for the credibility of its contents. State v. Watson, 449 So.2d 1321 (La.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985). A police officer, in explaining his own actions, may refer to statements made to him by other persons involved in the case. Such statements are admitted not to prove the truth of the assertion, but to explain the sequence of events leading to the arrest of the defendant from the viewpoint of the investigating officer. State v. Watson, supra; State v. Edwards, 406 So.2d 1331 (La.1981), cert. denied, 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467 (1982). For that reason, the testimony is not objectionable.
Moreover, we note that defendant was convicted after a bench trial. Even if the testimony were inadmissible, a judge, by virtue of his training in the law, is able to disregard irrelevant matters which are possibly prejudicial. State v. Bowman, 434 So.2d 1175 (La.App. 1st Cir.1983).
Accordingly, defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. The same assignment of error was filed by defendant’s retained trial counsel and the Office of the Public Defender. The appellate brief was filed by the Office of the Public Defender.